James S. Angell
Edward B. Zukoski
Eric Biber
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO 80202
Telephone: (303) 623-9466

Stephen H.M. Bloch #7813
Heidi J. McIntosh #6233
Southern Utah Wilderness Alliance
1471 South 1100 East
Salt Lake City, Utah 84105
Telephone: (801) 486-3161
Attorneys for Defendant-Intervenors

FILED
U.S. DISTRICT COURT

2005 APR -7  A 10: 26

DISTRICT OF UTAH

BY: _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH; UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION; and UTAH ASSOCIATION OF COUNTIES, <br><br> Plaintiffs, <br><br> v. <br><br> GALE NORTON, in her official capacity as SECRETARY OF THE INTERIOR; *et al.*, <br><br> Defendants, <br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE *et al.*, and NATURAL RESOURCES DEFENSE COUNCIL, *et al.*, <br><br> Defendant-Intervenors. | 2:96CV0870 B <br> Judge Benson |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE CONSENT DECREE PENDING CONCLUSION OF DISTRICT COURT PROCEEDINGS**


229

## INTRODUCTION

When this Court approved and adopted the Consent Decree in this case on April 11, 2003, it did so without affording intervenors (collectively "SUWA") an opportunity to present objections. Nor did it hold a hearing or make any independent findings concerning the reasonableness, fairness, or legality of the proposed Decree. Binding Tenth Circuit and Supreme Court precedent requires this Court to vacate the Decree while SUWA's objections to the Decree are being considered. Therefore, SUWA respectfully requests that this Court vacate the Consent Decree and the injunctive orders incorporated therein pending resolution of SUWA's motions to vacate the Decree permanently.

## ARGUMENT

In *Sanguine, Ltd. v. United States Dep't of Interior*, 798 F.2d 389 (10th Cir. 1986), the Tenth Circuit held that a district court was required to vacate a consent decree after the intervention as of right of additional parties in order to protect the rights of those intervenors while their objections to the decree were considered. The Court reasoned that "prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case." *Id.* at 391 (emphasis added).[1]

The relevant facts of this case are identical to those in *Sanguine*. First, SUWA has been granted intervention as-of-right because the government would not adequately represent SUWA's interests. *Id.* at 391-92. Second, intervention was not granted until after entry of the

---

[1] In keeping with *Sanguine*, the Tenth Circuit's order dismissing SUWA's earlier appeal on jurisdictional grounds noted pointedly that "even when the district court granted the motion to intervene it did not vacate or stay the court approved settlement agreement, and thereby left SUWA and NRDC without clear guidance about the status of the case." *Utah v. Norton*, 396 F.3d 1281, 1285 n.2 (10th Cir. 2005).

1

Decree. *Id.* at 390. Third, in both cases it is the consent decree that intervenors challenge as affecting their rights, and "if the district court did not vacate its prior orders," intervention would be meaningless because the consent decree "resolve[s] the validity and enforceability of the" very agency action that the intervenors seek to defend. *Id.* at 391. "Yet, these precise issues ... were of sufficient interest to warrant intervention" in the first place. *Id.* Fourth, in both cases the intervenors had no opportunity to defend their interests because the government defendant "did not contest [plaintiff's] challenge" and the issues were never "'litigated' in the true sense" because they were resolved "by consent decree and not adversary litigation." *Id.* at 391-92.[2] Because this case is on all fours with *Sanguine*, this Court must immediately vacate the Consent Decree and lift all of the injunctive orders incorporated therein pending this Court's resolution of SUWA's challenges to the Decree.[3]

The vacatur of the Consent Decree is particularly appropriate because this Court has yet to hold a hearing or make independent findings regarding the reasonableness, fairness, or legality of the Consent Decree. In approving any consent decree, a court is required to make independent

---

[2] A recent Tenth Circuit decision reinforces *Sanguine*'s applicability to this case. In *Johnson v. Lodge # 93 of the Fraternal Order of Police*, 393 F.3d 1096, 1108-09 (10th Cir. 2004), which Utah submitted to the Tenth Circuit as supplemental authority in this case, the court reiterated that *Sanguine* applies when, as here, an intervenor "was not granted intervenor status prior to the entry of the [consent] decree and thus was unable to effectively present its objections to the decree."

[3] In its Tenth Circuit briefing in this case, Utah argued that *Sanguine* was inapplicable because "SUWA is not appealing the denial of intervention." Utah Br. 18. Utah had its appeals confused. In *Sanguine* a prior appeal had required the district court to allow intervention and, on remand, the district court vacated the consent decree. *Sanguine*, 798 F.2d at 390. It was *that* decision to vacate that was affirmed by the Tenth Circuit on appeal on the grounds that "prejudice to the intervenors can be avoided only by setting aside the prior judgment and allowing the opportunity to litigate the merits of the case." *Id.* at 391 (emphasis added).

Tellingly, BLM never contested in its Tenth Circuit briefing that *Sanguine* requires the vacatur of the Consent Decree pending resolution of SUWA's challenges.

2

findings as to whether the decree is "fair, adequate, and reasonable." *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991). Those findings must be made as part of a judicial process in which the court undertakes a thorough review of the proposed decree. As the Supreme Court has noted, "[i]t is essential ... that a reviewing court have some basis for distinguishing between well-reasoned conclusions arrived at after a comprehensive consideration of all relevant factors, and mere boiler-plate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 434 (1968); *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989) (remanding a district court's approval of a consent decree where "[t]here is no indication in the record that the trustee or the courts did any legal research or made any attempt to properly separate the issues and evaluate the facts"). Intervenors such as SUWA must be made part of this process of review. *See Local Number 93 v. City of Cleveland*, 478 U.S. 501, 529 (1986). ("[A]n intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree.").

## CONCLUSION

Binding precedent declares that the Consent Decree cannot be entered as an order of this Court until SUWA has had an opportunity to present its objections and this Court has reviewed the Decree and made the appropriate detailed and independent findings. Therefore, SUWA respectfully requests that this Court vacate the Consent Decree and the injunctive orders incorporated therein pending resolution of SUWA's motions to vacate the Decree.

3

Respectfully submitted April 6, 2005.

/s/ James S. Angell
James S. Angell
Edward B. Zukoski
Eric Biber
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO 80202
Telephone: (303) 623-9466

Stephen H.M. Bloch #7813
Heidi J. McIntosh # 6233
Southern Utah Wilderness Alliance
1471 South 1100 East
Salt Lake City, UT 84105
Telephone: (801) 486-3161

Attorneys for Defendant-Intervenors

## CERTIFICATE OF SERVICE

I hereby certify that one copy of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE CONSENT DECREE PENDING CONCLUSION OF DISTRICT COURT PROCEEDINGS has been served on all counsel of record by depositing same in the United States mail, postage prepaid, except where indicated FEDERAL EXPRESS, and properly addressed this 6th day of April 2005:

Constance E. Brooks
Michael B. Marinovich
E.E. Brooks & Associates, P.C.
999 18th Street, Suite 1605
Denver, CO  80202

J. Mark Ward
Assistant Attorney General
Mark Shurtleff
Attorney General for the State of Utah
1594 West North Temple, # 300
Salt Lake City, UT  84116

John W. Andrews
Special Asst. Attorney General
For the Utah School and Institutional Trust
Lands Administration
675 E. 500 S, Suite 500
Salt Lake City, UT  84102

Gary Randall VIA FEDERAL EXPRESS
ENRD - General Litigation Section
601 D Street, NW,  Room 3128
Washington, D.C. 20004